IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICK RUSSELL, *on behalf*
*of himself and all others*
*similarly situated*,

        Plaintiff,

v.                //        CIVIL ACTION NO. 1:16CV88
                                  (Judge Keeley)

SN SERVICING CORPORATION AND
NPML MORTGAGE ACQUISITIONS, LLC,

        Defendants.

MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

Pending before the Court is the motion to dismiss filed by defendants, SN Servicing Corporation ("SN Servicing") and NPML Mortgage Acquisitions, LLC ("NPML") (collectively "defendants"), seeking to dismiss the plaintiff's first amended class action complaint. For the reasons that follow, the Court **GRANTS in PART** and **DENIES in PART** the defendants' motion. (Dkt. No. 27).

## I. BACKGROUND

The plaintiff, Patrick Russell ("Russell"), secured a $20,000 home equity loan from Equity South Mortgage on December 20, 1999. That loan had a maturity date of January 1, 2015, and required Russell to make monthly payments towards principal and interest until either the loan was paid off or the maturity date, whichever occurred first. As of May 2015, Russell had not made a payment on the loan in over twelve years.

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

Sometime after Russell's default, NPML purchased the loan and retained SN Servicing to undertake collection efforts. On May 28, 2015, SN Servicing sent two letters to Russell. The first, entitled "Notice of Assignment," informed Russell that NPML had assigned the loan for servicing, that is, for collection efforts, to SN Servicing ("May 28 Assignment Letter"). (Dkt. No. 22-2). The second was a notice pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., informing Russell that SN Servicing was attempting to collect a debt for NPML ("May 28 Collection Letter"). (Dkt. No. 22-3). The May 28 Collection Letter also informed Russell that, upon request made within thirty days, SN Servicing would provide him with the name and address of the original lender.

The complaint alleges that both letters violated the FDCPA. The May 28 Collection Letter allegedly failed to inform Russell specifically that he must make the request for the original lender's name and address in writing. Further, neither letter indicated that the statute of limitations had expired and the terms of the loan therefore were no longer enforceable.

SN Servicing sent a third letter to Russell on September 2, 2015 ("September 2 Letter"), warning him that "[i]t is imperative

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

that you contact the office within 15 days from the date of this letter (09/17/2015) or we will have no alternative but to initiate legal action as allowed by your state."(Dkt. No. 22-4). This letter failed to note that the statute of limitation on the loan had expired. Moreover, despite the letter's warning, SN Servicing did not initiate any legal action. In his amended complaint, Russell alleges that SN Servicing's warning that it intended to take legal action was false, misleading, or deceptive because SN Servicing knew at the time that it could not take any action on the stale debt.

Finally, SN Servicing sent Russell two bills, on October 7, 2015, and January 6, 2016, stating that the loan was delinquent by 4,449 days and 4,541 days, respectively. A payment ticket was attached to each bill indicating that the amount due for the outstanding August 1, 2003 payment was $218.90, and that, as of January 6, 2016, the total payment due was $33,053.90.

Russell's amended complaint alleges seven violations of the FDCPA and the West Virginia Consumer Credit Protection Act ("WVCCPA") based on false, deceptive, or misleading business practices. (Dkt. No. 22). Counts I, II, III, IV, VI, VII allege that the defendants engaged in deceptive business practices when

### MEMORANDUM OPINION AND ORDER GRANTING
### IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
### PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

they "threatened to file legal action against Plaintiff, when no such action could be taken because the debt was time-barred by the statute of limitations." Counts II and III further allege that the defendants threatened litigation even though they never intended to take such action. Finally, Count V alleges that the defendants failed to include statutorily mandated information in their initial May 28 Collection Letter, by failing to notify Russell that he must request information about the original creditor in writing.

### II. STANDARD OF REVIEW

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true and construe those facts in the light most favorable to the plaintiff. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). In deciding on the motion, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc.</u>

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court "may also consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256. Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. DISCUSSION

The defendants first argue that the Court should dismiss NPML as a defendant because it is not a "debt collector" as defined under the FDCPA. (Dkt. No. 28 at 7). Next, they argue that Counts I, II, III, IV, VI, and VII must be dismissed because the debt is in fact not time-barred and remains subject to collection. They

**MEMORANDUM OPINION AND ORDER GRANTING**
**IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

further contend that those counts must be dismissed because Russell failed to allege sufficiently that SN Servicing threatened an action it did not intend to take.

The defendants also maintain that the Court should dismiss Count V of the amended complaint because it does not relate back to the original complaint and, consequently, was not pled within the applicable limitations period. Finally, they argue that the September 2 Letter was not a communication intended to collect a debt and therefore is not actionable under the FDCPA. The Court will address each of these arguments in turn.

**A.    NPML is Not a Debt Collector Under the FDCPA**

The defendants seek to dismiss NPML on all counts because it is not a "debt collector," which the FDCPA defines as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). On the other hand, it defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

Generally, a debt collector is an entity that "collects debt

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

on behalf of a creditor," while a creditor is one "to whom the debt is owed." <u>Henson v. Santander Consumer USA, Inc.</u>, 817 F.3d 131, 135 (4th Cir. 2016), <u>cert. granted</u>, 137 S.Ct. 810 (mem) (U.S. Jan. 13, 2017) (No. 16-349). Notably, "when a creditor collects its debt for its own account, it is not generally acting as a debt collector." <u>Id.</u> at 135-36.

There is, however, an exception to this rule when the "principal purpose of a person's business is to collect debt." <u>Id.</u> at 135-36. In <u>Henson</u>, the Fourth Circuit determined that § 1692a(6) defines a debt collector as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." <u>Id.</u>

NPML is a not a "debt collector" under the FDCPA. Russell's entire claim that NPML is a debt collector rests on two allegations: (1) "NPML purchases debts asserted to be once owed or once due a creditor merely for collection purposes"; and (2) "[t]hus, the principal purpose of NPML's business is the collection of debts." (Dkt. No. 22 at 5). Although the Court must accept these factual allegations as true, they amount to no more than "legal conclusions, elements of a cause of action, and bare assertions

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

devoid of further factual enhancement," which "fail to constitute well-pled facts for Rule 12(b)(6) purposes." Nemet Chevrolet, 591 F.3d at 255 (citing Iqbal, 556 U.S. at 678).[1]

Russell's complaint is bereft of any actual facts establishing that NPML is a debt collector as contemplated by the FDCPA. Indeed, it notes that NPML owns the debt and retained SN Servicing specifically to collect that debt. See Henson, 817 F.3d at 135 ("A creditor is a person to whom the debt is owed."). Russell appears to argue that simply because NPML buys debts on which it hopes to collect it necessarily must be a debt collector. Such a contention, however, is not supported by either statutory or case law and would improperly broaden the FDCPA. It is axiomatic that all creditors seek to be repaid, or to "collect," on their loans. NPML's purchase of an outstanding debt places them in the shoes of the original creditor, who had the same desire to collect on those debts through payments of interest and principal.

In Henson, the Fourth Circuit observed that "the FDCPA

---

[1]Russell also argues that, because NPML purchases mortgages only after they are in default and attempts to collect payment on those defaulted debts, either directly or indirectly, it is a debt collector. (Dkt. No. 29 at 6). This argument is without merit because "the default status of a debt has no bearing on whether a person qualifies as a debt collector under the threshold definition set forth in [§ 1692a(6)]." Henson, 817 F.3d at 135.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

purports to regulate only the conduct of debt collectors, not creditors, generally distinguishing between the two based on whether the person acts in an agency relationship with the person to whom the borrower is indebted." Id. at 135. Here, NPML was the creditor, or debtee, to whom Russell owed a debt, and it contracted SN Servicing to collect on that debt. This is no more than the typical creditor and debt collector relationship contemplated and delineated by the FDCPA. See id. (noting that the terms "creditor" and "debt collector" are exclusive under the FDCPA (citing Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 359 (6th Cir. 2012); FTC v. Check Investors, Inc., 502 F.3d 159, 173 (3d Cir. 2007))).

Furthermore, Russell's amended complaint never alleges that NPML "use[d] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6).[2] Nor does it allege that NPML contacted Russell directly by mail, telephone, or any

---

[2]Russell does allege that "NPML is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff." This statement however was in the "Parties" section of the complaint, not in the "Factual Allegations" section. Nonetheless, it is no more than an imprecise recitation of one of the elements of FDCPA violation and is unsupported by any actual factual allegations.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

other means — hardly the type of "'abusive debt collection practices by debt collectors'" that the FDCPA was meant to eliminate. <u>Russell v. Absolute Collection Servs., Inc.</u>, 763 F.3d 385, 388 (4th Cir. 2014) (quoting 15 U.S.C. § 1692(e)).

As Russell has failed to plead that NPML is a debt collector as defined by the FDCPA, the Court **GRANTS** the defendants' motion to **DISMISS WITH PREJUDICE** all claims against NPML.[3]

**B.    Collection of the Loan is Not Time-Barred by the Statute of Limitations**

In Counts I, IV, VI, and VII, Russell alleges that the defendants engaged in unfair or deceptive business practices under both the FDCPA and the WVCCPA by attempting to collect a debt that is time-barred by the relevant statute of limitations. The defendants contend, however, that W. Va. Code § 55-2-5 plainly mandates that when "the final maturity date of the obligation is ascertainable from the lien instrument, the lien expires five years after that date." Because the deed of trust clearly states that the maturity date of the loan was January 1, 2015, <u>see</u> dkt. no. 22-1 at

---

[3]Although Counts VI and VII state claims for a violation of the WVCCPA, the basis of those claims against NPML is specifically "by virtue of [NPML's] status as a 'debt collector' under the FDCPA." Because NPML is not a debt collector under the FDCPA, those claims also fail.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

2, they argue that the statute of limitations runs until January 1, 2020. Russell, however, asserts that the acceleration clause was triggered on August 1, 2003, the date of his first default under the loan, and that the statute of limitations began to run on that date and therefore expired on August 1, 2008. See Sport Mart, Inc. v. Knell, 2011 WL 8199988, at *4 (W.Va. 2011) (unpublished) (holding that the time period to enforce the lien began when the acceleration clause in the note made the whole debt due).

In his amended complaint, Russell never alleges that the acceleration clause was invoked. Nor does he allege that he ever received a Notice of Acceleration (as required by the deed of trust), or what affirmative steps were taken to exercise the option. Id. at *1 (affirming a circuit court decision recognizing that "one invoking the acceleration clause must take an affirmative step to apprise the defaulting party that the debt is due now").

In an attempt to save these claims from dismissal, Russell points to the two bills sent by SN Servicing reflecting monthly payments and a total amount due and argues these billings effectively triggered the acceleration clause. His reading of those statements, however, is incorrect; the billing statements simply aggregated the late payments and interest that Russell had failed

MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

to pay as of the date of the bill. Russell thus has alleged no facts that can support his argument that NPML, or the previous debt holder, invoked the acceleration clause of the loan.

Consequently, as Counts I, IV, VI, and VII of the amended complaint depend on the allegation that the defendants could not enforce the debt because the relevant statute of limitations under West Virginia law had run, the Court concludes that the statute of limitations does not bar collection of his debt, **GRANTS** the defendants' motion, and **DISMISSES** those counts **WITHOUT PREJUDICE.**

## C.    The Defendants Never Intended to Take Legal Action

Counts II and III of the amended complaint allege that the September 2 Letter violated § 1692e of the FDCPA because in it the defendants threatened legal action that they never intended to take. Section 1692e forbids the use of "any false, deceptive, or misleading representation or means" in debt collection, and provides a non-exhaustive list of prohibited conduct, including any "threat to take any action that cannot legally be taken or that is not intended to be taken", and the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

A collection notice violates § 1692e(5) if: "(1) a debtor

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

would reasonably believe that the notices threaten legal action; and (2) the debt collector does not intend to take legal action." United States v. National Financial Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). Further, "a representation must be material, which is to say, it must be 'important in the sense that [it] could objectively affect the least sophisticated consumer's decisionmaking.'" Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015) (citing Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014)).

Under this standard, the Court is "to consider how a 'naive' consumer would interpret the statement." Id. (citing National Financial, 98 F.3d at 231). Courts, however, should not give credit to "bizarre or idiosyncratic interpretations," and should assume "a quotient of reasonableness and . . . a basic level of understanding and willingness to read with care." Id.

The least sophisticated consumer could certainly interpret SN Servicing's September 2 Letter as a threat to carry out legal action. It clearly states that "[i]t is imperative that you contact the office within 15 days . . . or we will have no alternative but to initiate legal action." (Dkt. No 22-4 at 2 (emphasis added)); cf. National Financial, 98 F.3d at 131 (finding the statement,

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

"YOUR ACCOUNT WILL BE TRANSFERRED TO AN ATTORNEY IF IT IS UNPAID AFTER THE DEADLINE DATE," to be a threat to take legal action) (emphasis in original); <u>Morgan v. Credit Adjustment Bd., Inc.</u>, 999 F. Supp. 803 (E.D. Va. 1998) (finding statement, "to stop further action, pay our account in full to this office," to indicate potential legal action). Use of the words "imperative" and "no alternative" clearly communicated a sense of urgency to Russell, inferring that legal action was imminent.

Regarding whether SN Servicing ever intended to take legal action, Russell has alleged sufficient facts to survive a motion to dismiss. For example, he alleges that, after it sent the September 2 Letter, SN Servicing followed up with two additional letters, both past the 15 day deadline, one in October and the other in January — 35 and 91 days later, respectively — demonstrating that the threat of legal action after 15 days was hollow. Indeed, Russell alleges SN Servicing has yet to take any legal action against him. <u>See</u> <u>National Financial</u>, 98 F.3d at 138 (relying on fact that suit was never filed to find lack of intent to take legal action).

When viewed in the light most favorable to Russell, the amended complaint's allegations sufficiently "nudge [his] claims

across the line from conceivable to plausible," such that they survive a motion to dismiss. <u>Twombly</u>, 550 U.S. at 570. Accordingly, the Court **DENIES** the defendants' motion to dismiss the claims of false or misleading representations contained in Counts II and III.

**D.    Count V Relates Back to the Original Complaint and is Not Barred by the Statute of Limitations**

An action to enforce liability under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The defendants urge dismissal of Count V of the amended complaint because it does not relate back to the original complaint. They also argue that, because it was first raised more than one year after the alleged violation occurred, the claim in Count V is time-barred by the statute of limitations.

An amended complaint relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When determining whether a claim relates back, the Court looks to see whether there is a factual nexus between the amendment and the original complaint. <u>Grattan v. Burnett</u>, 710 F.2d 160, 163 (4th Cir. 1983). If so, "an amended claim is liberally construed to relate back to the original

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." Id.

Count V of the amended complaint alleges that the defendants' May 28 Collection Letter violated the FDCPA because it failed to include the language required by the statute. Specifically, the Collection Letter did not explain that requests for the original creditor's name and address must be made "in writing." According to Russell, without such a written request, the defendants would not have had to cease collection while they validated the debt. The defendants, however, argue that in Count V of the original complaint Russell alleged that it was the September 2 Letter that violated the FDCPA. The question, then, is whether the defendants had fair notice that it was the May 28 Collection Letter that formed the basis for the FDCPA violation so that, by adding it to the complaint, they would not be prejudiced.

Russell asserts that, because the May 28 Collection Letter refers to the same conduct, that is, the defendants' effort to collect a debt, his claim fairly relates back to the original complaint. (Dkt. No. 29 at 21-22). In support, he relies on the broad interpretation of "conduct" adopted in Guerrero v. RJM Acquisitions LLC, 499 F.3d 926 (9th Cir. 2007). In Guerrero, the

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

Ninth Circuit concluded that a plaintiff's original and amended complaint both alleged a violation of the FDCPA and that, "[w]hile the amended complaint added the specific facts involving the [newly pled letter], and was more specific than the original complaint in identifying which provision[] of the FDCPA the defendant violated," the claims it asserted arose from the same conduct, namely, the defendant's attempt to collect a debt. 499 F.3d at 933; <u>cf. Canterbury v. Columbia Gas of Ohio</u>, 2001 WL 1681132 (S.D. Ohio Sept. 25, 2001) (finding the amendment related back when plaintiff alleged new theories on a letter attached to the complaint because it was part of the same conduct — to collect a debt); <u>but see Glover v. FDIC</u>, 698 F.3d 139, 146-47 (3d Cir. 2012) (finding that failing to withdraw a foreclosure complaint did not relate back when plaintiff's only reference in the original complaint was "an afterthought" "[b]uried amidst [an] excruciatingly and often excessively detailed pleading").

Here, the defendants maintain that, because Russell failed to include the correct letter in the original complaint, they are only now on notice of a violation of a "different time and type." (Dkt. No. 28). Furthermore, they contend that the holding in <u>Guerrero</u> is broader than the rule adopted by the Fourth Circuit regarding

MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

whether an individual letter is part of the same occurrence. In
National Financial, the Fourth Circuit concluded that individual
letters constituted different violations of the FDCPA. 98 F.3d at
141. It did so, however, in the limited context of determining
whether civil penalties were appropriate for each individual letter
found to have violated the FDCPA. Id. The decision in National
Financial never addressed the relation back issue raised here. Id.

In considering Count V, the Court is not tasked with
determining whether there were multiple separate violations of the
FDCPA, but rather whether the defendants were on notice that their
conduct violated the FDCPA. See Grattan, 710 F.2d at 163. Reading
the complaint in the light most favorable to Russell, the Court
concludes that he has attempted to plead that the defendants'
initial contact violated the FDCPA. Although Count V of the amended
complaint identified the wrong letter, it clearly put the
defendants on notice that their debt collection efforts violated
the FDCPA and the WVCCPA. The defendants therefore will suffer no
prejudice if Russell is allowed to amend Count V to correct the
date of the alleged violation.

First, discovery had not yet begun. Moreover, Russell's
allegation identifying the incorrect letter was an obvious clerical

mistake that did not mask the core allegation of the complaint; the defendants were aware that Count V alleges an FDCPA violation relating to their initial communication, and were aware that the initial communication had been made on May 28, not September 2. Indeed, the defendants clearly recognized this in their first motion to dismiss.[4] Therefore, they are not surprised.

Notably, Count V of the amended complaint arose from the same conduct, namely, the defendants' attempt to collect a debt. See 499 F.3d at 933. Therefore, as in Guerrero, this amendment simply corrects typographical errors, distinguishes between the letters, and alleges that it was the May 28 Collection Letter, rather than the September 2 Letter, that violated the specific provisions of the FDCPA. Because the defendants had notice of the claim and will suffer no prejudice, the "amended claim is liberally construed to relate back to the original complaint." Grattan, 710 F.2d at 163. The Court therefore **DENIES** the motion to dismiss Count V.

---

[4] See Dkt. No. 12 at 17 ("However, because the September 2, 2015 Contact Us Letter attached as Exhibit C to Plaintiff's Complaint is not an "initial communication" or a communication sent "[w]ithin five days after the initial communication" to Plaintiff, 15 U.S.C. § 1692g(a), Count Five fails to state a claim as a matter of law. Moreover, the FDCPA Collection Letter sent to Plaintiff on May 28, 2015 did "provide Plaintiff with notice of his statutory rights under the FDCPA," Compl. ¶ 102, ECF No. 1.")

MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]

**E.    The September 2 Letter was a Communication Intended to Collect a Debt**

The defendants seek to dismiss Counts I through IV, arguing that the September 2 Letter was not a communication intended to collect a payment and cannot violate the FDCPA. Specifically, they contend the September 2 Letter does not include a demand for payment, mention the loan balance or status, mention the amount due, or mention any payment instructions. They also maintain that the letter's disclaimer, "SN Servicing Corporation is attempting to collect debt," cannot, of itself, trigger FDCPA protections. (Dkt. No. 28 at 11).

The Fourth Circuit has been clear, however, that "nothing in [the] language [of the FDCPA] requires that a debt collector's misrepresentation [or other violative actions] be made as part of an <u>express demand for payment</u> or even as part of an action designed to induce the debtor to pay." <u>McCray v. Fed. Hoem Loan Mortgage Corp.</u>, 839 F.3d 354, 359 (4th Cir. 2016) (quoting <u>Powell</u>, 782 F.3d at 123) (emphasis in original). Indeed, "[t]o be actionable under . . . the FDCPA, a debt collector needs only to have used a prohibited practice '<u>in connection with</u> the collection of any debt' or in an '<u>attempt</u> to collect any debt.'" <u>Id.</u> (quoting <u>Powell</u>,

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

782 F.3d at 124) (emphasis in original).

The allegations in the amended complaint that SN Servicing's sole purpose for contacting Russell was to collect a debt clearly satisfies this standard. First, as noted in both letters sent on May 28, NPML had retained SN Servicing for the explicit purpose of attempting to collect on Russell's defaulted loan. Additionally, the September 2 Letter referred to the loan by its account number, a clear indication that it related to Russell's loan debt. At that point, SN Servicing had already notified Russell that it was the new servicer of the loan, had stated that it was a debt collector, and had advised that it was collecting the debt on behalf of NPML. Finally, the September 2 Letter contained a disclaimer stating that "SN Servicing Corporation is attempting to collect a debt." (Dkt. No. 22-4 at 2). Thus, it is evident that SN Servicing sent the September 2 Letter in connection with and in an attempt to collect a debt. Consequently, the Court **DENIES** the defendants' motion to dismiss Counts I through IV based on their argument that the September 2 Letter was not a communication intended to collect a debt.

**MEMORANDUM OPINION AND ORDER GRANTING
IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT [DKT. NO. 27]**

## IV. CONCLUSION

For the reasons discussed, the Court:

1)     **GRANTS in PART** the defendants' motion and

- **DISMISSES WITH PREJUDICE** all claims against NPML and **ORDERS** the Clerk to terminate it as a defendant in this action;

- **DISMISSES WITHOUT PREJUDICE** Counts I, IV, VI, and VII against SN Servicing; and

2)     **DENIES in PART** the defendants' motion to dismiss Counts II, III, and V.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: April 21, 2017

/S/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE